**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| FRANCISCO B. AGUON, | CIVIL CASE NO. 21-00020 |
| Petitioner, | |
| vs. | **ORDER** |
| J.C. STREEVAL, | |
| Respondent. | |

This case is before the court on a Petition for a Writ of Habeas Corpus filed by Petitioner, Francisco B. Aguon, on June 21, 2021. *See* Pet., ECF No. 1. Having reviewed the petition, the court hereby orders Petitioner to provide supplemental briefing.

**I.     BACKGROUND**

On June 6, 1991, Petitioner was indicted on charges of Aggravated Murder as premeditated murder and felony murder, Kidnapping, and a Special Allegation of Possession of a Deadly Weapon in the Commission of a Felony. *Aguon v. Beckron*, 2020 Guam 7 ¶ 3. On June 15, 1992, a Guam Superior Court jury convicted Petitioner of Aggravated Murder, a first degree felony, as premeditated murder with a Special Allegation of Possession of a Deadly Weapon in the Commission of a Felony. *Id.*; Mem. Law Supporting Aguon's Pet. ("Mem.") ¶4, ECF No. 1-

2.

Petitioner then timely appealed to the Appellate Division of the District of Guam, arguing that (1) the trial court erred in instructing the jury on the lesser included offense of manslaughter and on self-defense; (2) the trial court erred in not replacing sleeping jurors with alternates; and (3) that testimony regarding his intoxication was so overwhelming that the jury lacked sufficient evidence to make a finding as to the premeditation element of the aggravated murder charge. *People v. Aguon*, Nos. D.C. CR-92-00079A, S.C. CF0107-91, 1993 WL 128227 (D. Guam App. Div. Apr. 8, 1993). Although the Appellate Division held in Petitioner's favor based on the jury instruction error, the Ninth Circuit Court of Appeals then reversed, holding that the trial court had appropriately corrected the instructions. *Id.* at *2; *Guam v. Aguon*, 21 F.3d 1115 (Table), No. C.A. 93-10307, 1994 WL 134262 (9th Cir. Apr. 13, 1994).

On November 7, 1994, Petitioner filed a petition for a writ of habeas corpus in the District of Oregon, which was later transferred to this court and denied without prejudice due to failure to exhaust state remedies. *Aguon v. Beckron*, 2020 Guam 7 ¶ 7. On March 8, 2000, Aguon petitioned for a writ of habeas corpus with the Guam Superior Court, and was denied. *Id.* ¶ 6. Petitioner then filed a Motion to Recall Mandate with the Ninth Circuit Court of Appeals in April of 2001. *Id.* ¶ 8. He then petitioned the Supreme Court of Guam for a writ of habeas corpus on December 14, 2009. *Id.*; *Aguon v. Sablan*, SP0075-00 (Mar. 8, 2000). That petition raised three arguments: (1) that Petitioner's counsel's failure to object to purportedly improper jury instructions constituted ineffective assistance; (2) that evidence on Petitioner's intoxication was so overwhelming that the jury could not have properly determined the premeditation element of the aggravated murder charge; and (3) that Petitioner's interrogation did not follow the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). *Aguon*, 2020 Guam ¶ 8. On May 11, 2020, the Supreme Court of Guam denied the petition for being untimely. *Id.* ¶ 29.

On June 21, 2021, Petitioner filed the instant Petition with this court seeking post-conviction relief. Pet., ECF No. 1. Therein, Petitioner asserts seven grounds for his petition to be granted: (1) the trial court erred in giving jury instructions that confused the elements and the burden of proof (Pet. at 9, ECF No. 1)[1]; (2) the trial court did not properly instruct the jury on self-defense (Pet. at 13, ECF No. 1); (3) the trial court erred in not replacing sleeping jurors (Pet. at 15, ECF No. 1); (4) the evidence of Petitioner's intoxication at the time of his offense was so overwhelming that there was insufficient evidence of premeditation (Pet. at 20, ECF No. 1); (5) his trial counsel's failure to object to the court's jury instructions at the "very end" of their delivery constituted ineffective assistance (Pet. at 25, ECF No. 1 & Mem. at 26, ECF No. 1-2); (6) he is "actually innocent" of premeditating the Aggravated Murder (Mem. at 29, ECF No. 1-2); and (7) his waiver of his *Miranda* rights was invalid because of his lack of education and mental state at the time (Mem. at 31, ECF No. 1-2).

## II. DISCUSSION

### A. Exhaustion

First the court must determine if Petitioner's claims have been exhausted. "[T]he substance of a federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also* 28 U.S.C. § 2254(b) (2012). A claim presented in state court must be more than "somewhat similar" to the one presented in federal court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

#### 1. Grounds One and Two

Petitioner claims that Grounds One–Three have been exhausted because they were raised on his petition for a writ of habeas corpus before the Supreme Court of Guam. Pet. at 11, 13, 17, ECF No. 1. To show the result of the court's consideration of these claims, Petitioner has

---

[1] The page citations throughout this order are based on the page numbering provided by the CM/ECF system.

1 attached an order from the Supreme Court of Guam dated August 29, 2013. Pet. at 11–12, 17, 19,

2 ECF No. 1.[2] However, that order merely appoints counsel to Petitioner to represent him in his

3 habeas proceedings before the Supreme Court of Guam. The actual results of Petitioner's habeas

4 petition before the Supreme Court of Guam are contained in *Aguon v. Beckron*, 2020 Guam 7.

5 That decision cites to three grounds for habeas relief raised in that court, none of which are the

6 instant Grounds One–Three. *See Aguon*, 2020 Guam ¶ 8. Petitioner did not attach his petition for

7 a writ of habeas corpus brought before the Supreme Court of Guam. The court will therefore

8 assume that these grounds were not presented to that court.

9 There are other paths, however, to exhausting a habeas claim than presenting it to the

10 state's highest court in a petition for a writ of habeas corpus. When the highest state court has

11 ruled upon a claim on direct review, it is not necessary for a petitioner "to ask the state for

12 collateral relief, based upon the same evidence and issues already decided by direct review.

13 *Brown v. Allen*, 344 U.S. 443, 447 (1953), *superseded by statute on other grounds as stated in*

14 *O'Brien v. Dubois*, 145 F.3d 16, 20 (1st Cir. 1998).

15 The Ninth Circuit addressed Petitioner's Grounds One and Two on direct appeal, finding

16 that the trial court sufficiently corrected the instructions to make them understandable to the jury

17 as a whole. *Aguon*, 21 F.3d 1115 (Table). At the time of Petitioner's direct appeal of his

18 conviction, the Ninth Circuit Court of Appeals served as the final appellate court for criminal

19 convictions under Guam territorial law. *See* Act of Oct. 30, 2004, Pub. L. No. 108-378, § 2

20 (amending 48 U.S.C. § 1424-2 to remove grant of jurisdiction to hear appeals from Guam

21 territorial courts to the Ninth Circuit); *Guam v. Olsen*, 431 U.S. 195, 198–99 n.6 (1977)

22 (explaining the appellate jurisdiction of the Ninth Circuit under the Organic Act of Guam); *see*

---

23 [2] Petitioner does not refer specifically to the August 29, 2013 order for Ground Two, but he does say "SAME AS ABOVE GROUND ONE" in answer to the question of whether he raised the Ground Two through post-conviction
24 proceedings elsewhere. The court construes this as a reference to the August 29, 2013 order as purported evidence of the result of Ground Two being raised before the Supreme Court of Guam.

1    *also Santos v. Guam*, 436 F.3d 1051 (9th Cir. 2006). Petitioner has therefore exhausted Grounds One and Two by seeking review of them from the court acting as the highest state court, in this case the Ninth Circuit Court of Appeals.

**2. Ground Three**

Ground Three, unlike Grounds One and Two, were not addressed by the Ninth Circuit in *Guam v. Aguon*. However, "whether the exhaustion requirement . . . has been satisfied cannot turn upon whether the state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court." *Smith v. Digmon*, 434 U.S. 332, 333 (1978). Petitioner has not attached his appellate brief filed with the Ninth Circuit on his direct appeal. *See* Decl. in Support of Pet. ("Decl."), ECF No. 1-3. He has, however attached his appellate brief filed with the District of Guam, Appellate Division, which does argue Ground Three. *See* Decl. at 34–37, ECF No. 1-3. The Appellate Division decision acknowledges that this ground was raised, but does not reach it, instead finding reversible error on what is presented in the instant petition as Ground One. *People v. Aguon*, D.C. No. CR-92-00079A at 2 (D. Guam App. Div. Apr. 8, 1993); Decl. at 44, ECF No. 1-3. Petitioner's case was brought to the Ninth Circuit because the People of Guam appealed the ruling of the Appellate Division, not Petitioner. *See* Decl. at 50, ECF No. 1-3 (Notice of Appeal). Ground Three was then not addressed by the Ninth Circuit because it had not been addressed by the Appellate Division. *See Aguon*, 21 F.3d 1115 (Table). However, Petitioner did raise Ground Three before the Ninth Circuit when he moved that court to recall its mandate reinstating the verdict in his criminal case. *See Aguon v. Beckron*, 2020 Guam 7 ¶ 7; *see also* Pet. at 7, ECF No. 1. The Ninth Circuit denied that motion. *Aguon*, 2020 Guam ¶ 7; *see also* Pet. at 9, ECF No. 1. As such, Ground Three was presented to the court acting as the highest state-level court, and has therefore been exhausted.

**3. Grounds Four, Five, and Seven**

Petitioner's Grounds Four, Five, and Seven are identical to those raised in Petitioner's Supreme Court of Guam habeas case. *See Aguon*, 2020 Guam 7; Pet. at 25, ECF No. 1; Mem. at 26, 29, 31, ECF No. 1-2. Those grounds are therefore exhausted.

**4. Ground Six**

Ground Six, like Grounds One–Three, was not listed in the Supreme Court of Guam decision. *See Aguon*, 2020 Guam 7. The court will make the same assumption as with the other Grounds absent from that decision, that it was not presented to that court. Ground Six was also not mentioned in Petitioner's Appellate Division Brief. *See* Decl. at 12–42, ECF No. 1-3. Petitioner has further not shown that he presented it to the Ninth Circuit on his motion to recall the court's mandate. Therefore, the court must assume that Petitioner's sixth claim was not raised in Guam's territorial courts.

Gound Six is an actual innocence claim. Mem. at 29, ECF No. 1-2. Under AEDPA, a petitioner can overcome procedural barriers such as the exhaustion requirement on an actual innocence claim by alleging and establishing actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Lack of diligence is not necessarily a barrier to relief on an actual innocence claim. *Id.* at 387. Instead, the court considers it in determining whether Petitioner has alleged and proved that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 399 (1995), *superseded by statute on other grounds as stated in Rivas v. Fischer*, 687 F.3d 514, 541 n.36 (2d Cir. 2012).

Petitioner does not explain why he did not include his actual innocence claim in his state court-level petitions. *See* Mem., ECF No. 1-2. As such, the court will next look to whether the Petitioner has alleged and established actual innocence. *McQuiggin*, 569 U.S. at 386. Actual innocence alone cannot provide the basis for federal habeas relief. *See, e.g.*, *Herrera v. Collins*,

506 U.S. 390 (1993). Petitioner must allege a separate claim of prejudicial error arising from a constitutional violation. Petitioner appears to be raising ineffective assistance of counsel as the separate constitutional violation, as he cites to several cases concerning ineffective assistance of counsel due to a failure to raise defenses related to his mental state. *See* Mem. at 30–31, ECF No. 1-2.

However, a claim of actual innocence must include "new reliable evidence . . . that was not presented at trial" to overcome a procedural default. *See House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation omitted). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Petitioner does not present any new evidence of actual innocence. *See* Mem., ECF No. 1-2. Due to the lack of new evidence, Petitioner has not established actual innocence. For that reason, proceeding without holding Petitioner to the exhaustion requirement on his actual innocence claim is not appropriate here.

Because one of Petitioner's claims was not raised in the state-level courts and is an unmeritorious actual innocence claim, it is unexhausted, making the instant petition "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (identifying petitions for a writ of habeas corpus containing exhausted and unexhausted claims as "mixed petitions"). Historically, mixed petitions were dismissed outright, *see id.*, but since the passage of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the law creating the current statute of limitations for federal habeas corpus petitions, district courts now have the option of proceeding with a stay and abeyance instead. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). However, courts may only stay and abey petitions in "limited circumstances." *Id.* at 277. Those circumstances would include the petitioner having good cause for his failure to exhaust, his unexhausted claims being potentially

meritorious, and a lack of indication that the petitioner was engaging in intentionally dilatory litigation tactics. *Id.* at 278.

Due to the lack of new evidence of actual innocence, Petitioner's unexhausted actual innocence claim is not "potentially meritorious." *See Rhines*, 544 U.S. at 278. As such, staying and abeying so that Petitioner could exhaust his actual innocence claim in state court is not appropriate here.

Next the court must determine whether to dismiss the petition, or to allow Petitioner to amend.

> [I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Rhines*, 544 U.S. at 278. Petitioner is accordingly directed to either amend his petition to delete the actual innocence claim or file supplemental briefing on exactly what the new reliable evidence proving his actual innocence is. *See Garcia v. Evans*, No. 1:08-CV-1819, 2011 WL 2516166 at *5 (E.D. Cal. June 21, 2011).

### B. Statute Of Limitations

The statute of limitations for federal habeas claims can be found under § 2244(d)(1)(A). AEDPA, which creates the current statute of limitations for federal habeas corpus petitions, was passed on April 24, 1996, almost two years after Petitioner's direct appeal was completed. Pub. L. No. 104–132, 110 Stat. 1217, 1220. Therefore, Petitioner had one year from when AEDPA became effective to file his petition in federal court. *Ford v. Hubbard*, 330 F.3d 1086, 1097 (9th Cir. 2003), *vacated on other grounds by Pliler v. Ford*, 542 U.S. 225 (2004). That means that he had to file by April 24, 1997. *Id.* Petitioner filed the instant petition for a writ of habeas corpus on April 27, 2021, just over twenty-four years outside his filing window.

**1. Statutory tolling**

Petitioner claims he is entitled to statutory tolling based on 28 U.S.C. § 2244(d)(1)(B) and (d)(2). Section 2244(d)(1)(B) requires the statute of limitations on a federal habeas claim to be tolled for the duration of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States . . . if the applicant was prevented from filing by such State action." Petitioner claims that the State action that prevented him from filing was his transfer out of Guam to Oregon in September 1993. This claim fails because the State action must be unconstitutional to satisfy § 2244(d)(1)(B). Transferring a Guam prisoner to an off-island prison, whether federal or state, is permitted under both Guam and federal law. *See* 18 U.S.C. § 5003 (1988) (authorizing contracts between the federal government and states for transferring inmates to federal correctional facilities); 9 Guam Code Ann. § 90.45 (permitting the Director of the Guam Department of Corrections to contract with the Attorney General of the United States for the transfer of local inmates to federal correctional facilities); 9 Guam Code Ann. § 90.50–90.66 (2005) (authorizing the transfer of local inmates to correctional facilities in other states and territories that are also signatories of the Western Interstate Corrections Compact).

Section 2244(d)(2) mandates tolling throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Petitioner did pursue State post-conviction collateral review, but the Supreme Court of Guam ruled that Petitioner brought those claims too late. *Aguon*, 2020 Guam 7 ¶ 29. When a habeas petition filed in state-level court is untimely, it does not toll the statute of limitations under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Additionally, 28 U.S.C. § 2244(d)(2) only provides for tolling during collateral review, that is, judicial review of a judgment in a proceeding that is not part of direct review. *Wall v.*

*Kholi*, 562 U.S. 545, 547 (2011). A motion to recall a mandate pertains to direct review, making § 2244(d)(2) inapplicable. *Bryant v. Ariz. AG*, 499 F.3d 1056, 1060 n.3 (9th Cir. 2007). Therefore, neither Petitioner's habeas action in Guam territorial courts nor his motion to recall the mandate of the Ninth Circuit toll his statute of limitations under § 2244(d)(2).

### 2. Equitable tolling

Petitioner also argues that the court should equitably toll the statute of limitations in this case. Pet. at 28–31, ECF No. 1. Petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). He must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. The relevant time during which these elements must be shown is April 24, 1997, the expiration date of Petitioner's statute of limitations under AEDPA, through April 27, 2021, the date he filed the instant petition. Additionally, they must be shown to be present simultaneously. *Roy v. Lampert*, 465 F.3d 964, 970–971 (9th Cir. 2006) ("We are examining whether Roy had been diligent in his efforts to pursue his appeal *at the time his efforts* were being thwarted.") (emphasis in original).

#### a. Diligence

At the time that Petitioner's statute of limitations expired, he had already filed a petition for a writ of habeas corpus in this court. *Aguon*, 2020 Guam 7 ¶ 8. That petition was dismissed without prejudice because Petitioner had not yet sought habeas relief in Guam's territorial courts. *Id.* ¶ 5. He likely should have filed with this court and then asked the court to stay and abey the proceedings until he had exhausted his state remedies. *Pace*, 544 U.S. at 416. However, Petitioner did not then endeavor to exhaust his state remedies for four years and five months. *Aguon*, 2020 Guam ¶ 8. Two years and ten months from that time were during the relevant time period. Therefore, the court cannot find that Petitioner's prior filing of a habeas petition in this

1  court demonstrates diligence in pursuing his rights. Whether Petitioner was diligent in some
2  other respect, the record does not provide sufficient facts to say.

          b. <u>Extraordinary circumstance</u>

Petitioner argues that he faced extraordinary circumstances because he was transferred out of Guam and as a result did not have access to Guam law books, because he relied on the advice of his direct appeal attorney who advised him that "any statute of limitation would be equitably tolled until he returned to Guam and after the Supreme Court of Guam ruled on his" habeas petition in that court, and because he is illiterate and does not speak or read English. Pet. at 29–31, ECF No. 1.

The mere fact that a petitioner is proceeding pro se does not, "by itself," warrant equitable tolling as an extraordinary circumstance. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). However, "pro se *prisoner* litigants . . . face[] the unique handicaps of incarceration" and "confinement makes compliance with procedural deadlines difficult because of restrictions on the prisoner's ability to monitor the lawsuit's progress." *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc). Additionally, in general the court must "construe pro se habeas filings liberally." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

The court notes that Petitioner has made efforts to compile many of the documents associated with his case, and to provide the court with case law concerning habeas petitions. *See* Pet., ECF No. 1. However, "the grounds for granting equitable . . . tolling are highly fact dependent." *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (internal quotation omitted). The court requires more information before it can make a ruling on whether the instant petition merits equitable tolling. Although it is Petitioner's burden to establish the elements required for equitable tolling, *Espinoza-Matthews*, 432 F.3d at 1026, in light of Petitioner's pro se status, the court will allow Petitioner to submit supplemental briefing concerning his claims for equitable

tolling, as detailed below.

        *i.*  *Transfer out of Guam*

The court requires a more complete record of Petitioner's transfers, as it is not clear precisely when he was being held on Guam and when he was elsewhere. *See Lott*, 304 F.3d at 925 (remanding to the district court so that "a more complete . . . record" could be developed pertaining to the petitioner's transfer to another prison). The court also requires a more complete record as to the state of the law libraries of the prisons Petitioner was held in off-island, and his efforts to improve those libraries. *See Roy*, 465 F.3d at 971–71 (remanding to the district court for an evidentiary hearing when prisoners were held in an Arizona prison with no legal materials about the law of Oregon, the state of their conviction).

        *ii.*  *Advice of attorney*

Again, AEDPA was passed on April 24, 1996, almost two years after Petitioner's direct appeal was completed. Therefore, at the time the advice concerning the tolling of the statute of limitations for a federal habeas petition was given by Petitioner's counsel, it was not a misrepresentation of the law. Nevertheless, based on what is contained in his petition, Petitioner clearly does not understand the effect that AEDPA's passage had on the statute of limitations for his habeas claims. *See* Pet. at 28–31, ECF No. 1. Typically, it is a petitioner's obligation to keep abreast of changes in the law concerning their habeas petition. *See Rasberry*, 448 F.3d at 1154 (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.")). However, the Ninth Circuit has ruled that allowances could be made when a prison law library did not provide access to materials about AEDPA until over two years after it was passed. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Petitioner is directed to provide the court with a more complete record as to the availability of AEDPA materials at the prisons he was kept in

during the relevant time period.

                    *iii.      Language limitations*

Petitioner asserts that he is "illiterate and did not speak or read [sic] english." Pet. at 29, ECF No. 1. Language limitations do not per se justify equitable tolling, but they may justify equitable tolling if they "actually prevent timely filing." *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006); *see also Pham v. Ryan*, 302 F. App'x 769, 770 (9th Cir. 2006) (remanding for reconsideration under *Mendoza* because petitioner did not speak English and was illiterate). "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the relevant time period, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070. Petitioner is directed to provide the court with the necessary information for the court to be able to make a ruling on this issue.

### III.    CONCLUSION

In order to reach the merits of Petitioner's claims, the court must first rule on the availability of equitable tolling to Petitioner. To that end, the court orders Petitioner to file a supplemental brief addressing the following issues:

- What new reliable evidence, if any, there is that Petitioner is actually innocent of the crimes of which he has been convicted and whether he wishes to amend his Petition to eliminate Ground Six;
- Whether Petitioner has diligently tried to file a petition for a writ of habeas corpus from April 24, 1997 until April 27, 2021;
- When and where Petitioner was imprisoned from April 24, 1997 until April 27, 2021;
- Whether materials pertaining to Guam law were available to Petitioner from April

24, 1997 until April 27, 2021 and, if not, what efforts Petitioner made to obtain access to the needed materials;

- Whether materials pertaining to AEDPA were available to Petitioner from April 24, 1997 until April 27, 2021;

- Whether materials in a language Petitioner speaks were available to him from April 24, 1997 until April 27, 2021 and if so, whether he was able to read them;

- Whether another inmate, library personnel, or some other source was available to act as a translator for Petitioner from April 24, 1997 until April 27, 2021.

Petitioner is ordered to provide his supplemental brief by **April 18, 2022**. The U.S. Marshals Service shall serve the Respondent and the Attorney General of Guam a copy of the petition and this Order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
 **Chief Judge**
**Dated: Mar 10, 2022**